### NELSON STARK ET UX. v. MARK M. FAGAN.

Argued February 15, 1916—Decided June 8, 1916.

Section 15 of the act for the settlement and relief of the poor (*Pamph. L.* 1911, *p.* 390), requiring certain relatives of any indigent person to provide relief for such person, is constitutional.

On *certiorari*.

Before Justices GARRISON, TRENCHARD and BLACK.

For the prosecutor, *Arthur H. Mitchell*.

For the defendant, *Thomas J. Brogan*.

The opinion of the court was delivered by

GARRISON, J. This writ brings up for review an order of the juvenile court of Hudson county directing the prosecutors, the grandparents of Pierce Stark, to pay a weekly sum for his maintenance as an indigent infant.

The proceedings are under the act for the settlement and relief of the poor (Revision of 1911, *Pamph. L.* 1911, *p.* 390), and it is not contended that this act does not apply.

The contentions are, first, that the provisions of this act were not complied with. We think that they were in all essential respects.

It is further contended that the provision of section 15 of the act, in so far as it affects grandparents, is unconstitutional. We think that this is not so.

The argument that such requirement is not within the police law, or the taxing laws, and that it is an attempt to transmute a purely moral obligation into a legal one are aside from the mark. The statutory requirement rests upon an imperfect legal obligation recognized at common law; such obligations require statutory aid to render them enforceable, but do not derive their obligation from such statutes. The ability of a married woman to recover damages for the alienation of her husband's affections is a modern illustration in point. *Sims* v. *Sims,* 79 *N. J. L.* 577.

This natural obligation was recognized and enforced by the statute 43 *Eliz., c.* 2, by which father and mother, grandfather and grandmother of poor, impotent persons were required to maintain them as the Quarter Sessions should direct.

Blackstone gives the basis on which the liability rested at common law (1 *Bl. Com.* 448), and in 30 *Cyc.* 1122 the subject is discussed and the American cases cited.

In New Jersey, at a very early period, the obligation was a recognized one, for, in *Kiser* v. *Overseers of the Poor* (1805), 3 *N. J. L.* 5, an order of the Quarter Sessions on a grandfather to support his three grandchildren was set aside solely on the ground that he had had no notice of the proceeding before the Sessions.

The act is not void for unconstitutionality.

The order brought up by the writ is affirmed.